

Case 3:12-cv-05104-RBL Document 55 Filed 05/29/13 Page 1 of 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LONNIE LEE BURTON,

    Plaintiff,

v.

PAT GLEBE, ERIC JACKSON, KEVIN SHANAHAN, DAVID POE, TERA MCELRAVY, and THOMAS L. L'HEUREUX,

    Defendants.

CASE NO. C12-5104 RBL-KLS

ORDER ON DISCOVERY MOTIONS

Before the Court is Plaintiff's motion requesting rulings on previously stayed discovery motions (ECF Nos. 21, 22, 30, and 35). ECF No. 51. The motions, which were fully briefed by the parties, were stayed pending resolution of Defendants' motion to dismiss. ECF No. 40.

**BACKGROUND**

On May 14, 2012, the Court issued its Pretrial Scheduling Order. ECF No. 17. On October 16, 2012, Defendants filed a Motion to Dismiss with a noting date of November 16, 2012. ECF Nos. 28-29. On November 7, 2012, the Court stayed all discovery (including Plaintiff's pending discovery motions ECF Nos. 21, 22, 30, and 35) pending resolution of the motion to dismiss. ECF No. 40. On January 28, 2013, the Court issued its Report and Recommendation, wherein the Court recommended the Plaintiff's retaliation claim be dismissed without prejudice for failure to exhaust; the Plaintiff's Eighth Amendment claim be dismissed with prejudice; and the Defendants' motion to dismiss Plaintiff's due process claim and for qualified immunity be denied. ECF No. 44 at 19. On February 12, 2013, the Plaintiff filed his

ORDER ON DISCOVERY MOTIONS- 1

1 objections to the Report and Recommendation. ECF No. 45. On April 10, 2013, Judge Leighton
2 adopted the undersigned's Report and Recommendation. ECF No. 49.
3     On April 22, 2013, the Court extended the pretrial deadlines as follows: (1) August 16,
4 2013 for discovery; (2) October 18, 2013 for dispositive motions; and (3) January 24, 2014 for
5 joint status report. ECF No. 50, at 2-4.

## DISCUSSION

7     Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in
8 pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

12 Fed.R.Civ.P. 26(b)(1).
13     The court may order discovery of any matter relevant to the subject matter involved in
14 the action. Relevant information need not be admissible at the trial if the discovery appears
15 reasonably calculated to lead to the discovery of admissible evidence. "Relevance for purposes
16 of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th
17 Cir.1998). "The party seeking to compel discovery has the burden of establishing that its request
18 satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the
19 burden of showing that the discovery should be prohibited, and the burden of clarifying,
20 explaining or supporting its objections," *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D.Cal.
21 May 14, 2009), and is "required to carry a heavy burden of showing" why discovery should be
22 denied. *Blankenship v. Hearst Co*rp., 519 F.2d 418, 429 (9th Cir.1975). *See also, Pulsecard,*
23 *Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996); *McCoo v. Denny's*, 192
24 F.R.D. 675, 693 (D.Kan.2000) (denying motion to compel production of documents where

1  moving party failed to demonstrate how her request for production, which appeared irrelevant on
2  its face, was relevant or would lead to the discovery of admissible evidence).

3  **A.     Motions to Depose Prison Inmates (ECF Nos. 21, 22, and 30)**

4     In the first two of these motions, Plaintiff seeks an order compelling the depositions of
5  four named inmates and one unnamed inmate "currently in long-term segregation." Plaintiff
6  states that these inmates have discoverable evidence relating to his claims as to the conditions of
7  confinement in the segregation unit at Stafford Creek Corrections Center (SCCC) and the lack of
8  due process afforded to inmates housed in the SCCC segregation unit. ECF No. 21, at 2.
9  Plaintiff also asks that Defendants provide a recording device to record the depositions and allow
10 Plaintiff to purchase the cassette tapes necessary to record these depositions because he is no
11 longer allowed to keep a cassette recorder or purchase blank tapes. ECF Nos. 22. Attached to
12 the motion are declarations of the four named inmates. The declarations include detailed
13 information regarding their housing in segregation, including the size of the segregation cells,
14 yard time, shower time, visitation, personal property access and other depictions of segregation
15 life. ECF No. 21, Attachments A, B, C, and D.

16    Rule 26(b)(2)(C) states that the Court must limit the frequency or extent of discovery if it
17 determines that the discovery sought can be obtained from "some other source that is more
18 convenient, less burdensome, or less expensive," "the party seeking discovery has had an ample
19 opportunity to obtain the information by discovery," or if "the burden or expense of the proposed
20 discovery outweighs its likely benefit."

21    Plaintiff has obtained detailed declarations from four inmates regarding the conditions of
22 their confinement and due process while in segregation. As noted above, Plaintiff's conditions
23 of confinement and retaliation claims were dismissed. Only Plaintiff's claim that he was denied
24 due process in connection with his administrative segregation remains. Thus, the testimony of

1 | other inmates is not relevant to whether Defendants failed to provide Plaintiff with the requisite

2 | due process.  Moreover, it is not clear why Plaintiff requires deposition testimony in addition to

3 | the declarations he has already obtained.  Declarations under oath are considered the same as a

4 | deposition under oath and the use of declarations is more convenient and less burdensome and

5 | expensive than depositions.  By using the sworn statements (assuming they are relevant) instead

6 | of depositions, the burden and expense of coordinating and providing security, materials, and

7 | securing a notary for four depositions can be avoided.  Therefore, this motion is denied.

8 |        In ECF No. 30, Plaintiff asks to take the depositions of two additional inmates for the

9 | purpose of proving Plaintiff's claim of retaliation because the inmates served less time in

10 | administrative segregation than he did although they were also charged with sexual harassment.

11 | ECF No. 30.  As noted above, Plaintiff's retaliation claim was dismissed.  Therefore, this motion

12 | is denied as moot.

13 | **B.     Motion to Compel (ECF No. 35)**

14 |        At issue in this motion are responses to Plaintiff's First Set of Interrogatories and

15 | Requests for Admissions sent to the Defendants on August 28, 2012.  ECF No. 35, at p. 2.

16 | Plaintiff filed his motion to compel on October 29, 2012.  ECF No. 35.  In a letter dated October

17 | 25, 2012, Defendants' counsel addressed various discovery issues raised by Plaintiff and mailed

18 | Plaintiff a CD containing Defendants' document production.  On October 30 and 31, 2012,

19 | counsel sent to Plaintiff the promised supplemental discovery responses of Defendants Glebe,

20 | Jackson, Poe, and L'Heureux.  ECF No. 38, Exhibit 1, Attachment B and C.  Plaintiff did not

21 | address the supplemental interrogatory responses or the document production in his October 29,

22 | 2012 motion to compel or in his recent motion requesting that the Court rule on his previously

23 | stayed discovery motions.

24 |

**(1) Timeliness and Waiver.** Plaintiff first argues that Defendants have waived all objections and that matters set forth in his requests for admissions should be deemed admitted because Defendants did not respond to the discovery within thirty days. ECF No. 35, p. 3. Plaintiff acknowledges, however, that on September 26, 2012, counsel requested an extension of time to provide him with Defendants' responses and that the responses were mailed to him on October 10, 2012 and October 11, 2012. ECF No. 31, at 32-36. The following week, Defendants' counsel received a letter from the Plaintiff indicating he was no longer agreeing to such an extension. Prior to that time, Plaintiff had not informed Defendants' counsel that he objected to the requested extension.

Fed.R.Civ.P. 36(a) states that a matter is deemed admitted "unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Fed.R.Civ.P. 36(b). A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the Court. Fed.R.Civ.P. 36(a)(3).

Defendants requested an extension in writing and Plaintiff did not object to it until after Defendants' responses were filed. There is no evidence that Defendants were acting in bad faith. Therefore, Plaintiff's motion to have the requests for admissions deemed admitted is denied.

**(2) Cost of Discovery.** Fed. R. Civ. P. 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample…" the items that are deemed responsive to his request. In response to various requests for production, Defendants provided Plaintiff with three options: (1) have a representative inspect and review the documents; (2) receive the documents on a CD; or (3)

1   receive the documents in paper format at a cost of 10 cents per page plus postage. ECF No. 35,

2   at p. 3. A CD with Defendants' document production was mailed to Plaintiff on October 25,

3   2012. ECF No. 38, p. 6. Plaintiff has not identified any deficiencies with this production.

4   Therefore, Defendants have met their obligation under the rules. Defendants are not required to

5   also provide paper copies of the documents at their expense.

6       While Plaintiff may be proceeding *in forma pauperis,* he is not relieved of his

7   responsibility to bear the cost of his own litigation, including discovery costs. *See, United States*

8   *v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976) ("the expenditure

9   of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress

10  ..."). The *in forma pauperis* statute, 28 U.S.C. § 1915, provides for the payment of filing fee and

11  service of process only. In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir.2011), the Ninth Circuit

12  reiterated the limited role of prison authorities in assisting prisoners with their litigation. Prison

13  authorities are only required to assist inmates in the preparation and filing of meaningful legal

14  papers by providing prisoners with adequate law libraries or adequate assistance from persons

15  trained in the law. *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct.

16  1491, 52 L.Ed.2d 72 (1977)). The Court further held that this assistance is only limited to the

17  pleading stage. *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 384, 116 S.Ct. 2174, 135 L.Ed.2d 606

18  (1996)).

19      **(3)**    **Depositions.** Plaintiff argues that Defendants' counsel is refusing to cooperate in

20  scheduling the depositions of the Defendants and eleven non-party witnesses who are DOC

21  employees.[1] ECF No. 35, at p. 3. Plaintiff's notice of deposition (ECF No. 24) was filed with

22  the Court along with Plaintiff's motions to compel. ECF Nos. 22-25. On October 25, 2012,

23

24      [1] Plaintiff's desire to depose other inmates is discussed in Paragraph A above.

ORDER ON DISCOVERY MOTIONS- 6

1 Defendants advised Plaintiff that they would not waive the federal rule requirements relating to
2 depositions. Defendants also contended that the scheduling of depositions should await a ruling
3 on their motion to dismiss. ECF No. 38-1, p. 12.
4      Only Plaintiff's due process claim remains before the Court. Thus, it appears unlikely
5 that it is still necessary to seek discovery of all the individuals listed in Plaintiff's notice.
6 Plaintiff should determine what discovery he still requires in connection with his due process
7 claim and whether that discovery can be obtained by methods that are more convenient and less
8 burdensome than depositions. Federal Rule of Civil Procedure 29 provides alternatives to
9 general discovery practice and procedure. If Plaintiff proposes to take depositions, he is referred
10 to Rule 30. As noted therein, the method of recording the testimony may be by audio,
11 audiovisual, or stenographic means and the noticing party bears the recording costs and the costs
12 of transcribing those portions of testimony on which he intends to rely. The discovery deadline
13 is August 16, 2013. ECF No. 50, at 2. Based on the foregoing, Plaintiff's motion to compel
14 depositions is denied.
15      **(4)   Specific Discovery Requests**
16      **(i) Jackson Interrogatory No. 3**. In this interrogatory, Plaintiff seeks a
17 description of "conditions of confinement at SCC which differ from the conditions of
18 confinement of either segregation or general population." ECF No. 35, p. 10; Exhibit 1,
19 Attachment A. Plaintiff complains that Defendant Jackson did not answer the question but
20 instead referred to documents which were not provided. As noted above, responsive documents
21 were provided on a CD, which was mailed to Plaintiff on October 25, 2012. Defendant Jackson
22 also supplemented his answer to this interrogatory. ECF No. 38-1, p. 33. Plaintiff does not
23 explain why the documents provided and/or supplemental answer is insufficient. His motion to
24 compel further response to this interrogatory is denied.

        **(ii) L'Heureux Interrogatory No. 8 and RFP No. 4; Glebe Interrogatory No. 2 and RFP No. 2.** In these discovery requests, Plaintiff seeks information relating to another inmate's stay in administrative segregation. Plaintiff states that this information is relevant to his claim of retaliation. Plaintiff's retaliation claim was dismissed and therefore, the motion to compel further response to these requests is denied.

        **(iii) L'Heureux Interrogatory Nos. 10, 13, 15, and 16.** Defendant L'Heureux supplemented his answers to these interrogatories. ECF No. 38-1, pp. 21-25. Plaintiff has not identified whether or how these answers are insufficient. His motion to compel further response to these interrogatories is denied.

        **(iv) Poe Interrogatory Nos. 1, 2, 3, and 4**

Defendant Poe provided supplemental answers to Interrogatory Nos. 1 and 4. ECF No. 38-1, at pp. 18-19. Plaintiff has not identified why these responses are insufficient and he is, therefore, not entitled to an order compelling further response to these interrogatories.

In Interrogatory Nos. 2 and 3, Plaintiff asked Defendant Poe to describe his "efforts, research or investigation" conducted to determine if the allegations against Plaintiff had merit and whether Defendant Poe ever questioned or advised Plaintiff of the allegations against him. Defendant Poe responded that he was not involved in the investigation. Plaintiff argues that the responses are not sufficient because the interrogatories "clearly referenced pre-investigation steps taken by him" and that Defendants should be required to provide him with the names of the individuals who made PREA allegations against him. ECF No. 35, p. 13. Plaintiff's remaining claim is that he was not provided all requisite due process of law relating to his placement in administrative segregation. Thus, the names of his alleged victims are not relevant nor likely to lead to the discovery of relevant information as to whether Plaintiff was entitled to and/or was provided with all requisite due process, *i.e.,* an informal nonadversary hearing, notice of charges

1  or reasons for segregation, and opportunity to present his views.  Plaintiff's motion to compel
2  further response to these interrogatories is denied.

3  **(v) McElravy Interrogatory Nos. 3, 4, 7, Shanahan Interrogatory No. 1.**
4  Plaintiff argues that the responses provided by Defendants McElravy and Shanahan to the above
5  noted interrogatories are insufficient because they refused to give the names and dates of his
6  alleged victims.  ECF No. 35, pp. 13-14.  As noted previously, this information is not relevant to
7  Plaintiff's remaining claim that he was not provided all requisite due process of law relating to
8  his placement in administrative segregation.  Therefore, his motion to compel further response to
9  these interrogatories is denied.

10  **(vi) Glebe Interrogatory No. 4.**  Defendant Glebe's answer to this interrogatory
11  was supplemented.  Plaintiff provides no explanation of why the supplemental answer is
12  insufficient.  His motion to compel further response to this interrogatory is denied.

13  **(5)** **Motion for Sanctions and Costs.**  Plaintiff seeks costs and sanctions under Fed.
14  R. Civ. P. 37(a)(4).  Under Rule 37(a)(4)(A), the Court may impose sanctions on the party whose
15  conduct necessitated the motion, unless, among other circumstances, the nondisclosure was
16  substantially justified.  The objections or responses by the Defendants are not improper and the
17  Court does not find any other bad faith conduct by Defendants that would warrant the imposition
18  of costs or other sanctions.  Counsel's request for an extension of time to respond to discovery
19  was reasonable, her statement to Plaintiff that she could not agree to a stipulation without
20  speaking to her clients first was not inappropriate, and Defendants' failure to agree to the taking
21  of depositions while Plaintiff's motion was pending is also not unreasonable.  The request for
22  sanctions is denied.

23  Accordingly, it is **ORDERED:**

24

1) Plaintiff's motion for a ruling on outstanding motions (ECF No. 51) is **GRANTED**. Plaintiff's motions to compel discovery (ECF Nos. 21, 22, 30, and 35) are **DENIED.**

2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 29th day of May, 2013.

Karen L. Strombom
United States Magistrate Judge